**FILED**
IN CLERK'S OFFICE
U S  DISTRICT COURT E.D N Y

★   OCT 05 2011   ★

**LONG ISLAND OFFICE**

DMJ:BTR
F.#2011R01004
NYNYE562

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ATHANASIOS MICHAELIDES,
    also known as "Sacci,"
VASILIOS MENEGOS,
    also known as "Billy," and
HUSSEIM KRAMBACH,
    also known as "Petey,"

         Defendants.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 11-639 (S-1)(JFB)
(T. 18, U.S.C., §§
981(a)(1)(C), 982(a)(1),
982(b)(1), 1951(a),
1956(h), 2314, 2 and
3551 et seq.;
T. 21, U.S.C., §§
841(a)(1), 841(b)(1)(C),
841(b)(1)(D), 846, 853(a)
and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE<br>(Hobbs Act Robbery Conspiracy)

    1.   In or about and between April 2008 and April 2010,
both dates being approximate and inclusive, within the Eastern
District of New York and elsewhere, the defendants ATHANASIOS
MICHAELIDES, also known as "Sacci," VASILIOS MENEGOS, also known
as "Billy," and HUSSEIM KRAMBACH, also known as "Petey," together
with others, did knowingly and intentionally conspire to
obstruct, delay and affect commerce, and the movement of articles
and commodities in commerce, by robbery, to wit: the robbery of
illegal narcotics traffickers and business owners in Kings

County, Queens County, Bronx County, Nassau County and Suffolk County, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 *et seq*.)

COUNT TWO
(Conspiracy to Distribute Marijuana and Cocaine)

2.    On or about and between April 1, 2008 and October 5, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing marijuana, a Schedule I controlled substance, and (b) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 *et seq*.)

COUNT THREE
(Possession of Cocaine with Intent to Distribute)

3.  On or about and between February 4, 2010 and October 5, 2011, both dates being approximate and inclusive, within the Eastern District of New York, the defendant VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOUR
(Interstate Transportation of Stolen Property)

4.  On or about and between December 20, 2008 and December 22, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," VASILIOS MENEGOS, also known as "Billy," and HUSSEIM KRAMBACH, also known as "Petey," together with others, did knowingly and intentionally transport, transmit and transfer in interstate commerce goods, wares and merchandise, of a value of $5,000 or

more, to wit: clothing worth more than $186,000, knowing the same to have been stolen.

(Title 18, United States Code, Sections 2314, 2 and 3551 _et_ _seq_.)

## COUNT FIVE
### (Conspiracy to Launder Money)

5.    On or about and between April 1, 2008 and October 5, 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ATHANASIOS MICHAELIDES, also known as "Sacci," and VASILIOS MENEGOS, also known as "Billy," together with others, did knowingly and intentionally conspire to conduct financial transactions in and affecting interstate commerce, to wit: the use of money obtained from the sale of controlled substances and robbery proceeds, which transactions in fact involved the proceeds of specific unlawful activity, to wit: the obstruction of commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), and trafficking in illegal controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of

the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(A)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 <u>et</u> <u>seq.</u>)

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS ONE AND FOUR

6.   The United States hereby gives notice to the defendants charged in Counts One and Four that, upon conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

7.   If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p); Title 18, United States Code, Section 981(a)(1)(C))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND THREE

8.   The United States hereby gives notice to the defendants charged in Counts Two and Three that, upon conviction of either offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such offenses, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offenses.

9.   If any of the above-described forfeitable property, as a result of any act or omission of such defendants:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION AS
TO COUNT FIVE

10.   The United States hereby gives notice to the defendants charged in Count Five that, upon conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in each offense of conviction in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, and all property traceable to such property.

11.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1))

A TRUE BILL

_Patricia McDaniel_
FOREPERSON


LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

FORM DBD-34

JUN. 85

No. 2011R01004

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

ATHANASIOS MICHAELIDES,
also known as "Sacci,"
VASILIOS MENEGOS,
also known as "Billy," and
HUSSEIM KRAMBACH,
also known as "Petey,"

Defendants.

## INDICTMENT

T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(b)(1), 1951(a), 1956(h), 2314, 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c)

A true bill.

_____
Foreman

Filed in open court this ___5___ _____ day,

of _October_ A.D. 19 2011

_____
Clerk

Bail, $ _____

_____

BURTON RYAN, (631) 715-7853